FILED
CLERK, U.S. DISTRICT COURT
02/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>TERRANCE OWENS ELLIOTT,<br>   aka "Tony Elliott,"<br><br>         Defendant. | ED CR No. 5:25-cr-00045-HDV<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 982: Criminal<br>Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant TERRANCE OWENS ELLIOTT, also known as "Tony Elliott," was the pastor of a church located in San Bernardino, California ("Church A"). Defendant ELLIOTT had primary control over Church A's bank account at JPMorgan Chase Bank.

2. Defendant ELLIOTT served on the San Bernardino Public Safety and Human Relations Commission.

3. Defendant ELLIOTT served as a chaplain and citizen volunteer with the San Bernardino Police Department.

4.   Nonprofit Corporation A was a nonprofit corporation that operated a low-income housing development for seniors located in Riverside, California.

5.   Principals of Church B, which was located next to Nonprofit Corporation A, in Riverside, founded Nonprofit Corporation A and assisted with the operation of Nonprofit Corporation A.

6.   Defendant ELLIOTT previously served as interim pastor at Church B.

COUNTS ONE THROUGH NINE

[18 U.S.C. § 1343]

A. <u>THE SCHEME TO DEFRAUD</u>

7. Beginning on an unknown date, but no later than approximately October 31, 2019, and continuing through February 8, 2023, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant TERRANCE OWENS ELLIOTT, also known as "Tony Elliott," knowingly and with intent to defraud, devised, executed, and participated in a scheme to defraud victims M.C., V.H., W.L., and P.G., and to obtain money and property by means of material false pretenses, representations, and promises, and the concealment of material facts.

B. <u>MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME</u>

8. The scheme was carried out, in substance, as follows:

    a. Defendant ELLIOTT had personal friendships with several of victim M.C.'s family members, including E.H. and T.H., and victims V.H. and W.H.

    b. Defendant ELLIOTT represented himself to T.H., victim V.H., and other family members of victim M.C., as working for the City of San Bernardino and being involved with the San Bernardino Police Department.

    c. Once defendant ELLIOTT learned that victim M.C. would inherit money, he told victim M.C. that she should put the inheritance into a trust for her own benefit, which defendant ELLIOTT would establish and administer, because defendant ELLIOTT claimed that she would lose her Medicare and Social Security benefits if she directly received the inheritance.

3

   d. Defendant ELLIOTT prepared a trust agreement that appointed defendant ELLIOTT a co-trustee of victim M.C.'s trust, which listed victim M.C. and victim M.C.'s children, namely, victims V.H., W.L., and P.G., as beneficiaries of the trust.

   e. Victim M.C. signed the trust agreement in the presence of a notary public, and defendant ELLIOTT kept the completed trust agreement.

   f. Victim M.C.'s trust provided it was to be used for victim M.C.'s financial needs during her lifetime.  The trust permitted victim M.C.'s funeral expenses to be paid from the trust, and any remaining property would be passed to her children upon her death.

   g. Defendant ELLIOTT opened JPMorgan Chase Bank checking account number ending in -3669 (the "Chase Trust Account") in the name of the trust; this account listed only defendant ELLIOTT as a trustee.

   h. At the time of opening the Chase Trust Account, defendant ELLIOTT gave JPMorgan Chase Bank a fraudulently modified copy of the trust agreement, which listed defendant ELLIOTT as the sole trustee having power to make payments from the trust bank account without the consent of any other person.

   i. Defendant ELLIOTT made teller and ATM withdrawals from the Chase Trust Account of cash not used for the benefit of any trust beneficiary.

   j. Defendant ELLIOTT wrote checks, and made online transfers, from the Chase Trust Account to Church A, which were transfers not permitted under the trust agreement.

4

   k. Defendant ELLIOTT used money from the Chase Trust Account to purchase postal money orders that were used to pay Church A's rent.

   l. Defendant ELLIOTT used debit cards issued to the Chase Trust Account to pay for his personal expenses, which included, amongst other things, to pay for the repair of a Chevrolet truck, and to purchase Nike sneakers, a piano, clothing, and an extended warranty for a motorcycle.

   m. Defendant ELLIOTT used approximately $114,483.92 of money from the Chase Trust Account for unauthorized expenses.

   n. Defendant ELLIOTT also obtained access to victim M.C.'s Citibank account to purportedly transfer some of M.C.'s monthly Social Security payments to the Chase Trust Account, but instead of transferring funds to the Chase Trust Account, he made 35 unauthorized transfers to Church A that totaled $27,164.

   o. When victim M.C.'s family members inquired about the trust account or asked for bank statements, defendant ELLIOTT lulled them into compliance by getting upset and telling them that everything was under control.

   p. When victim M.C. died, defendant ELLIOTT tricked victim V.H. into paying approximately $8,615.34 for victim M.C.'s funeral expenses, falsely claiming that he needed authorization from the court before money in the Chase Trust Account could be released. At the time of making this statement, defendant ELLIOTT knew that it was untrue because the trust permitted funeral expenses to be paid from the trust's assets and provided that all assets were to be passed to the trust's beneficiaries (Victims V.H., W.L., and P.G.) upon victim M.C.'s death.

9. Through this scheme, defendant ELLIOTT defrauded victims M.C., V.H., W.L., and P.G. out of at least approximately $150,263.26.

C. USE OF THE WIRES

10. On or about the dates set forth below, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant ELLIOTT, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | ITEM |
| --- | --- | --- |
| ONE | February 10, 2020 | Check in the amount of $7,500 from the Chase Trust Account deposited at an ATM located in Hesperia, California, which caused an electronic wire signal from the ATM to JPMorgan Chase Bank's servers located outside California. |
| TWO | February 11, 2020 | Debit card transaction in the amount of $850, which caused the transmission of an electronic wire signal from Chapparal Motorsports in San Bernardino, California, to JPMorgan Chase Bank's servers located outside California. |
| THREE | December 15, 2020 | Debit card transaction in the amount of $2,154.99, which caused the transmission of an electronic wire signal from San Bernardino, California, to JPMorgan Chase Bank's servers located outside California. |
| FOUR | March 21, 2022 | Debit card transaction in the amount of $478.51, which caused the transmission of an electronic wire signal from San Bernardino, California, to JPMorgan Chase Bank's servers located outside California. |
| FIVE | April 2, 2022 | Debit card transaction in the amount of $840, which caused the transmission of an electronic wire signal from Riverside, California, to Citibank's servers located outside California. |

| COUNT | DATE | ITEM |
|---|---|---|
| SIX | April 14, 2022 | Check in the amount of $3,000 from the Chase Trust Account deposited at an ATM located in San Bernardino, California, which caused an electronic wire signal from the ATM to JPMorgan Chase Bank's servers located outside California. |
| SEVEN | April 15, 2022 | Debit card transaction in the amount of $1,818.20, which caused the transmission of an electronic wire signal from Diamond Chevrolet in San Bernardino, California, to JPMorgan Chase Bank's servers located outside California. |
| EIGHT | June 16, 2022 | Online purchase in the amount of $228.38 using a debit card, which caused the transmission of an electronic wire signal from San Bernardino, California, to JPMorgan Chase Bank's servers located outside California. |
| NINE | February 6, 2023 | Debit card transaction in the amount of $525, which caused the transmission of an electronic wire signal from San Bernardino, California to Citibank's servers located outside California. |

COUNT TEN

[18 U.S.C. § 1343]

A.   THE SCHEME TO DEFRAUD

11.   Beginning on or about June 1, 2021, and continuing through February 8, 2023, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant TERRANCE OWENS ELLIOTT, also known as "Tony Elliott," knowingly and with intent to defraud, devised, executed, and participated in a scheme to defraud victim W.H., and to obtain money and property by means of material false pretenses, representations, and promises, and the concealment of material facts.

B.   MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

12.   The scheme was carried out, in substance, as follows:

   a.   In approximately June 2021, victim W.H. called defendant ELLIOTT for advice regarding how to sell a house when renters were currently occupying the property.  Defendant ELLIOTT gave advice, and victim W.H. thereafter sold the house.

   b.   In or around December 2021, defendant ELLIOTT called victim W.H. and suggested that W.H.'s corporation ("W.H. Corporation") loan victim M.C.'s trust $65,000, falsely claiming that this would enable victim W.H. to avoid incurring a capital gains tax liability from the sale of the house.

   c.   Defendant ELLIOTT prepared a loan contract between W.H. Corporation and victim M.C.'s trust, which victim W.H. and defendant ELLIOTT signed.  Defendant ELLIOTT told victim W.H. that he (defendant ELLIOTT) would transfer $65,000 from W.H. Corporation's bank account to victim M.C.'s trust account and that victim M.C.'s trust would repay the loan with 10% annual interest.

8

   d. Defendant ELLIOTT convinced victim W.H. to provide him with multiple signed blank checks from W.H. Corporation's bank account, and instead of transferring the entirety of the $65,000 to victim M.C.'s trust account, defendant ELLIOTT used one of those checks to make an unauthorized transfer of $16,000 to Church A.

   e. Defendant ELLIOTT knew at the time he transferred $16,000 to Church A, that victim W.H. did not authorize this transfer.

   f. Although defendant ELLIOTT used another of victim W.H.'s corporation's checks to transfer $49,000 to victim M.C.'s trust account, defendant ELLIOTT never repaid any part of the $65,000 loan.

   g. Defendant ELLIOTT spent the bulk of the money from victim M.C.'s trust on unauthorized expenses that were not for the benefit of the trust's beneficiaries, such as defendant ELLIOTT's personal expenses.

  13. Through this scheme, defendant ELLIOTT defrauded victim W.H.'s corporation out of approximately $65,000.

C. <u>USE OF THE WIRES</u>

  14. On or about December 31, 2021, in San Bernardino County, within the Central District of California, and elsewhere, defendant ELLIOTT, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of a wire communication in interstate commerce, namely, defendant ELLIOTT deposited a check in the amount of $16,000 in San Bernardino, California, which caused an electronic transmission to JPMorgan Chase's servers, which are located outside the State of California.

COUNT ELEVEN

[18 U.S.C. § 1343]

A. THE SCHEME TO DEFRAUD

15. Beginning on or about September 28, 2018, and continuing through on or about June 14, 2021, in San Bernardino and Riverside Counties, within the Central District of California, and elsewhere, defendant TERRANCE OWENS ELLIOTT, also known as "Tony Elliott," knowingly and with intent to defraud, devised, executed, and participated in a scheme to defraud victim Nonprofit Corporation A, and to obtain money and property by means of material false pretenses, representations, and promises, and the concealment of material facts.

B. MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

16. The scheme was carried out, in substance, as follows:

   a. Defendant ELLIOTT used his preexisting relationships with Church B and its board of directors to gain a position to help manage litigation expenses and other expenses involving Church B and Nonprofit Corporation A.

   b. Defendant ELLIOTT falsely represented to Nonprofit Corporation A and Church B's board of directors that Nonprofit Corporation A owed money to W.H. Corporation for services rendered related to a lawsuit against Church B and Nonprofit Corporation A, however, as defendant ELLIOTT then well knew, W.H. Corporation had performed no work on behalf of either Church B or Nonprofit Corporation A, and Church B and Nonprofit Corporation A owed no money to W.H. Corporation.

   c. Defendant ELLIOTT caused Nonprofit Corporation A to issue approximately 32 checks to W.H. Corporation, which defendant

ELLIOTT later deposited into W.H. Corporation's bank account, a bank account that defendant ELLIOTT controlled.

17. Defendant ELLIOTT did not use the money from the checks for Nonprofit Corporation A's benefit.

18. Through this scheme, defendant ELLIOTT defrauded victim Nonprofit Corporation A out of approximately $23,300.

C. <u>USE OF THE WIRES</u>

On or about May 20, 2021, in San Bernardino County, within the Central District of California, and elsewhere, defendant ELLIOTT, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of a wire communication in interstate commerce, namely, defendant ELLIOTT remotely deposited, while in San Bernardino County, California, via the internet, a check in the amount of $650 which caused an electronic transmission to JPMorgan Chase Bank's servers, which are located outside the State of California.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Eleven of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court;

//

//

//

(d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

BENJAMIN J. WEIR
Assistant United States Attorney
Riverside Branch Office